GREMILLION, Judge,
dissents in part and assigns the following reasons.
hi wholly concur with affirming the workers’ compensation judge’s ruling regarding the denial of benefits to the employee. Moreover, the employer did not prove its case. However, I respectfully dissent in affirming the workers’ compensation judge’s award of penalties and attorneys fees.
This dispute arose when Denton-James refused to authorize neck surgery based upon La.R.S. 23:1208.1. Up to that point all indemnity payments were made, and all medical expenses paid. Denton-James did not seek to terminate benefits under La. R.S. 23:1208 until Armand executed his affidavit opposing summary judgment. Denton-James asserted the affidavit contained false statements.
The cases interpreting § 1208.1 prescribe what the employer must prove in order to succeed in denying benefits to the employee. Those elements are: 1) an untruthful statement; 2) prejudice to the employer; and 3) compliance with the statute’s notice requirements. Nabors Drilling USA v. Davis, 03-0136 (La.10/21/03), 857 So.2d 407. However, the plain language of the statute allows an employer to deny benefits if the failure to truthfully answer the questionnaire directly relates to the medical condition for which benefits are sought, or affects the employer’s ability to receive reimbursement from the second injury fund. Jurisprudence also expresses, with specificity, what the executed questionnaire must show to evidence an untruthful answer. That is, the employee must clearly indicate “no” on the questionnaire with | ^regard to prior injuries. Boh Bros. Construction Co. v. Price, 00-2233 (La.App. 4 Cir. 8/29/01), 800 So.2d 898, writ denied, 01-2623 (La.12/14/01), 804 So.2d 634.
*1280 Here, that is exactly what the injury questionnaire indicates. Armand’s questionnaire expressly notes “no” in response to the question regarding prior neck and back injuries. While the majority understandably focuses its analysis on the fact-finder’s credibility determination of the trial testimony, the workers compensation judge actually premised the imposition of penalties on Denton-James’ reliance on the questionnaire. He felt it was vague in asking whether Armand had any previous back or neck “problems.” The questionnaire is not vague. As I stated herein-above, it meets even to most precise requirements of Louisiana statutory and case law. Boh Bros. Construction, 800 So.2d 898, and La. R.S. 23:1208. Furthermore, it was undisputedly signed by Armand, and no evidence was ever presented to suggest that it was filled out by anyone other than the employee.
Failure to authorize medical treatment as required under La.R.S. 23:1203 can result in the imposition of a penalty; however, the penalty is not imposed if the claim is reasonably controverted. La. R.S. 23:1201(F)(2). A claim is reasonably controverted when the employer or insurer produces factual or medical information of such a nature that it reasonably counters the claimant’s evidence. Davis v. Jones Baldwin Music Co., 27,545 (La.App. 2 Cir. 11/1/95), 662 So.2d 803. When the second injury questionnaire expressly denies a previous condition directly related to the condition for which benefits were sought, the employer or insurer can surely have been said to have produced factual information of a nature to reasonably counter the employee’s evidence.
In Hickman v. Jim Smith Logging, 04-0157 (La.App. 3 Cir. 9/29/04), 883 So.2d 1072, writ denied, 04-2682 (La.1/14/05), 889 So.2d 269, we stated that it is unimportant that the defendant did not dispute every single point, as long as it raised a legitimate issue. I see no difference here. There is no dispute that the form provided to Denton-James failed to disclose a prior injury, and indeed denies a previous injury. Armand had two previous neck and back injuries, for which he received Social Security disability benefits.
While I agree that the workers’ compensation judge did not manifestly err in denying the defenses under §§ 1208, and 1208.1, I do feel that the award of penalties and attorneys fees was clear error.